UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

EAGLE GLOBAL LOGISTICS, INC.,

    Plaintiff,

v.

MARVIN OKIN, ROBERT FOUST, ANNETTE BALK, et al.,

    Defendants.

2:03-CV-0984-LDG (RJJ)

**ORDER**

Over the years, this litigation has been plagued largely by defendants' floundering attempts to represent themselves after the withdrawal of their counsel, and the parties' general failure to develop the factual basis for their claims through discovery.[1] After the initiation of this litigation by a complaint in interpleader, the denial of judgment by interpleader, and plaintiff's subsequent amendment of the complaint to raise a declaratory judgment claim, defendant Foust litigated at length his status as a party in the case. On March 29, 2007, after Foust's assertions in his briefing that he has an interest in the case as an agent with a financial interest in commissions, and as an investor in a joint venture involving the property,[2] the court entered an order denying without prejudice plaintiff's request for entry of judgment and reinstated Foust as a party. However, along

---

[1] Indeed, it appears that little, if any, formal discovery has ever been conducted in this case, despite the numerous opportunities that the court provided the parties to do so. Suffice it to say that in reviewing the record and the most recent spate of filings, the court identifies no deposition testimony, answers to interrogatories, or admissions submitted in support of the parties' arguments. This leaves the court to rule, essentially, based on averments in the pleadings and submitted documents, the authenticity of which has not been questioned.

[2] Again, there is no reason that this case should have been so prolonged if these alleged interests had been thoroughly probed through discovery, and Foust's presence in the case put to the test under factual and pleading standards.

with that reinstatement, the court also directed plaintiff to either test Foust's claims of interest and defendants' original counterclaims by summary judgment,[3] or notice the court so that trial could be scheduled. Plaintiff filed its motion for summary judgment as to defendants' counterclaim and renewed motion for declaratory judgment or in the alternative for a determination as to the rights of title of the competing interests (#84, opposition #85, reply #87).

The court first notes that the claims for relief for declaratory judgment, conversion and breach of contract brought as counterclaims are asserted by defendant Foust only.[4] Defendants' counterclaim for declaratory judgment asserts that the court is without jurisdiction in this case, and that the court must recognize the California Probate Court's jurisdiction and direct plaintiff to cease the seizure and detention of the property. In its motion for summary judgment, plaintiff points out that defendants' counterclaim itself avers that the court has jurisdiction in this case, see Counterclaim ¶ 1, and further that the California Probate Code does not deprive this court of jurisdiction. In defendants' opposition to plaintiff's motion for summary judgment, defendants do not respond to plaintiff's arguments in support of jurisdiction. Therefore, plaintiff is entitled to summary judgment on the counterclaim for declaratory judgment.

In defendants' counterclaim for conversion, defendants assert that plaintiff wrongfully seized the property and, as a result, Foust lost the value of the property and any potential profit upon resale. As plaintiff contends in its motion for summary judgment, however, plaintiff legitimately sought to resolve the dispute over title to the property through interpleader and declaratory judgment, and therefore cannot be subject to a claim for its conversion. Moreover, defendants' counterclaim asserts that the property was "the decedent personal property" Counterclaim ¶ 3, and that

---

[3]Defendants' counterclaims are the only surviving claims in this case. As the court has previously indicated, defendants have at various times asserted other claims in briefing in the case, but none of those claims were brought in accordance with procedural rules or otherwise authorized by the court.

[4]None of the claims for relief even mentions defendant Okin.

2

> FOUST is attorney-in-fact for Marvin Okin [deceased's father], pursuant to a limited power of attorney dated March 26, 2003. FOUST has the limited power to handle all administrative affairs pertaining to the discovery and custody of any and all assets of the estate of Marc S. Okin (deceased).
> . . .
> A new shipping contract was entered into between FOUST, as Marvin Okin's representative and EGL . . . This Agreement replaces the initial Warehouse Agreement entered into between Marc Okin Show Promotions and EGL.

Counterclaim, ¶¶ 7, 11 (citations to exhibits omitted).

In Nevada, conversion is an act of wrongful control exerted over the rights in or title to personal property. See Edwards v. Emperor's Garden Restaurant, 122 Nev. 317, 130 P.3d 1280, 1287 (2006). Despite Foust's assertions in his briefs that he has an interest in the case as an agent with a financial interest in commissions, and as an investor in a joint venture involving the property, there is absolutely no admissible evidence in the record supporting those assertions. Indeed, even defendants' counterclaim alleges, at most, that Foust acted pursuant to a limited power-of-attorney on behalf of Marvin Okin, which entitled Foust to handle all administrative affairs pertaining to the discovery and custody of any and all assets of the estate of Marc S. Okin. The counterclaim further alleges that the new shipping contract was entered into by Foust "as Marvin Okin's representative," which would be consistent with Foust's alleged authority under the limited power-of-attorney. In this record, there is no evidence that Foust held rights in or title to the property in question in which to sustain a claim for conversion.

Defendants' counterclaim for breach of contract asserts that plaintiff breached its shipping contract with Foust by seizing the property and not allowing Foust to collect it. In its motion for summary judgment on the counterclaim, plaintiff argues that the "Transport Document" is not valid for want of consideration. Defendants do not address this argument in their opposition, and the court finds that it has merit. Morever, as defendants assert in the counterclaim, Foust signed the document "as Marvin Okin's representative." The Transport Document identifies Show Promotions, not Foust, as the shipper, and therefore, the contract, even if it had legal force, would

3

be between Show Promotions and plaintiff.[5] Defendants have presented no other evidence showing that Foust was a contracting party on his personal capacity. The court will grant plaintiff's motion for summary judgment on the counterclaims.

Plaintiff has also renewed its request for a declaration,[6] pursuant to its complaint, that defendant Marvin Okin is the rightful owner of the subject property or, in the alternative, that any competing interests be required to make a determination as to who is entitled to the property. In their response, defendants do not substantively address the renewed request. Ironically, as plaintiff realizes, its alternative suggestion would perhaps invite an interpleader complaint, which is the posture that this action initially took over four years ago.

In light of the court's determination that defendants' counterclaims should be dismissed, there is no evidence that title to or rights in the property being held by plaintiff are held by any other one than defendant Marvin Okin. Therefore, the court is prepared to declare, based on the current record, that Marvin Okin is the rightful owner of the property, and entitled to its receipt and possession. The court further notes that plaintiff is willing to waive all fees associated with the storage of the subject property so long as the property is picked up at its current location in Las Vegas, Nevada, and it will be so ordered. It goes without saying that plaintiff should release the property to either Marvin Okin personally, or to his duly authorized representative (which agency

---

[5] It is worth noting that there are no other causes of action, beyond the counterclaims, upon which defendants base their claims for relief. Although Foust may assert in his moving papers and briefs that he has been damaged as an agent with a financial interest in commissions, and as an investor in a joint venture involving the property, defendants have not pled any cause of action for which such claims may be maintained. The court attributes this failing in part to defendants' persistence in proceeding without legal counsel, in the face of the court's multiple rulings that Foust cannot represent defendant Okin pro se, and that he must have a personal interest in the litigation to remain a party. Competent counsel would have recognized early on the importance of tying alleged injuries to cognizable causes of action.

[6] The court's March 29, 2007 order denied plaintiff's motion for judgment without prejudice to testing Foust's claims of interest and the counterclaims. Plaintiff's renewed motion for declaratory judgment attacks Foust's claims of interest and the counterclaims by arguing that defendant Okin is the rightful owner of the property.

determination is the province of plaintiff). The court will grant defendant Marvin Okin forty-five (45) days from the filing of this order in which to make arrangements with plaintiff regarding picking up or shipping the property. If such arrangements are not made, the property will be considered abandoned, and plaintiff may proceed accordingly.

Finally, in connection with its declaratory judgment, the court will require that if defendant Foust claims any right or title to the property itself adverse to those of defendant Marvin Okin, he shall file a notice of claim in this case within twenty (20) days of the date of the filing of this order. The notice of claim shall describe the legal and factual basis for Foust's claim of interest in the property. At that point, the declaratory judgment will be considered stayed pending resolution of the competing claims, and defendant Marvin Okin shall have twenty (20) days from the filing of the notice of claim in which to file a response. Moreover, because of the serious legal deficiencies related to defendants' self-representation in this case, the court will require that defendant Foust retain counsel for the filing of the notice of claim, and that Okin retain separate counsel for the filing of a response. Hopefully, such conditions will avoid further languishing of this case.

THE COURT HEREBY ORDERS that plaintiff's motion for summary judgment on defendants' counterclaims (#84) is GRANTED.

THE COURT FURTHER ORDERS that plaintiff's renewed motion for a declaratory judgment (#84) is GRANTED. Defendant Marvin Okin is hereby DECLARED the rightful owner of the property being held by plaintiff, and entitled to its receipt and possession. Defendant Marvin Okin or his duly authorized representative shall have forty-five (45) days from the filing of this order in which to make arrangements with plaintiff regarding picking up or shipping the property. If such arrangements are not made, the property shall be considered abandoned, and plaintiff may proceed accordingly.

THE COURT FURTHER ORDERS that if defendant Foust claims any right or title to the property itself adverse to those of defendant Marvin Okin, he shall file a notice of claim in this case within twenty (20) days of the date of the filing of this order. The notice of claim shall

describe the legal and factual basis for Foust's claim of interest in the property. At that point, the declaratory judgment shall be considered stayed pending resolution of the competing claims, and defendant Marvin Okin shall have twenty (20) days from the filing of the notice of claim in which to file a response.

THE COURT FURTHER ORDERS that defendant Foust shall retain counsel for the filing of any notice of claim, and that defendant Okin shall retain separate counsel for the filing of a response.

THE COURT FURTHER ORDERS that all other pending motions in this case (including defendants' motion for default judgment #86, and motion for status check #89) are DENIED as moot.

DATED this ___6___ day of February, 2008.

_____
Lloyd D. George
United States District Judge